UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-08014 MMM (PLAx) | Date | November 3, 2010 |

| | |
|---|---|
| Title | *Curry v. GMAC Mortgage, et al.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order to Show Cause Why Action Should Not be Dismissed for Lack of Subject Matter Jurisdiction

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2010, petitioners Renard and Sheree Curry filed a *pro se* "petition for a verification of debt" against defendants GMAC Mortgage and Jeannie Vukovich.[1] The petition seeks to compel defendants to produce "the original wet ink signature, unaltered promissory note" that is allegedly associated with their loan.[2] The petition states that the promissory note was "signed by defendant in association to the loan pursuant of USC Title 18, Part 1, Chapter 101 § 2071."[3]

Attached to the complaint is a letter dated September 30, 2010, from plaintiffs to GMAC

---

[1] Petition for a Verification of Debt, Docket No. 1 (Oct. 25, 2010). Jeannie Vukovich's relationship to this action is unclear from the pleading submitted. (*Id.*)

[2] *Id.*

[3] *Id.* 18 U.S.C. § 2071.

Mortgage, which demands production of the promissory note.[4] The letter states that "Renard & Sheree Curry is an artificial entity, a limited liability fiction trademark which constitutes valuable intellectual property and all rights, titles and are reserved."[5]

## II. DISCUSSION

### A.  Whether Plaintiffs' Complaint States a Federal Question

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added). Federal question jurisdiction is presumed absent unless defendants, as the parties seeking to invoke jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), show that plaintiffs have either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

The sole federal law mentioned in plaintiffs' petition, 18 U.S.C. § 2071, is a criminal statute that governs the destruction of public records.[6] This criminal statute does not provide a private right of action and thus cannot confer subject matter jurisdiction to hear a civil action. See *Ingraham v. Lundrigan*, No. 1:10cv01273 LJO DLB, 2010 WL 2942658, *2 (E.D. Cal. Jul. 23, 2010) ("Plaintiff alleges a violation of 18 U.S.C. § 2071 in his complaint. This section, which prohibits concealment, removal or mutilation of public records, is also a criminal statute and does not provide a private right

---

[4]*Id.*

[5]*Id.*, Exh. 1, at 1.

[6]*Id.*

of action"); cf. *Summers v. Marin County Recorders Office*, No. C-09-1485 MMC, 2009 WL 1096274, *1 n. 3 (N.D. Cal. Apr. 22, 2009) (noting that § 2071 is a criminal statute that was inapplicable in a civil action). Because § 2701 does not provide a private right of action, the court appears to lack subject matter jurisdiction over plaintiffs' petition. See, e.g., *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) ("[T]here is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction").

### B.     Whether Plaintiffs May Proceed *Pro Se*

Plaintiffs' letter to GMAC Mortgage suggests that "Renard & Sheree Curry" may be a for of corporation.[7] If this is the case, plaintiffs may not proceed *pro se*, since it is well established that a corporation can only appear in federal court through counsel. See *Rowland v. Cal. Men's Colony et al.*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel," citing *Osborn v. Bank of United States*, 22 U.S. 738 (1824)); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Church of the New Testament v. United States*, 783 F.2d 771, 772-73 (9th Cir. 1986); see also *In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney").

While 28 U.S.C. § 1654 permits "parties" to prosecute cases *pro se*, this privilege does not extend to non-persons.[8] See *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1307 (2d Cir. 1991) ("Courts also have interpreted [§ 1654] to preclude a corporation from appearing through a lay representative . . . recogniz[ing] that a corporation is an artificial entity which can act only through agents," citing *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983); *In re Victor Pub., Inc.*, 545 F.2d 285, 286 (1st Cir. 1976); *Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Co.*, 543 F.2d 32, 33 (7th Cir. 1976); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969) (per curiam), *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966); and *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F.Supp. 16, 19 (S.D.N.Y.), aff'd, 508 F.2d 837 (2d Cir. 1974)).

Moreover, Local Rule 83-2.10.1 expressly states that "[a] corporation including a limited liability corporation, a partnership including a limited liability partnership, an unincorporated

---

[7]*Id.*, Exh. 1 at 1 ("Renard & Sheree Curry is an artificial entity, a limited liability fiction trademark which constitutes valuable intellectual property and all rights, titles and are reserved").

[8]See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein").

association, or a trust may not appear in any action or proceeding *pro se*."⁹ Thus, if plaintiffs are principals in a corporation, they may not represent that corporation *pro se*.

### III. CONCLUSION

For the reasons stated, plaintiffs are ordered to show cause on or before **November 15, 2010**, why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiffs' response should state whether the named plaintiff(s) are individuals, a corporation, a limited liability company, or some other form of entity. Should plaintiffs fail to respond by November 15, the court will dismiss the action forthwith.

---

⁹The court notes that, to the extent plaintiffs are husband and wife, they cannot represent each other *pro se*, but must individually appear for the purpose of representing themselves. See CD CA. L.R. 83-2.10.2 ("Any person representing himself or herself without an attorney must appear *pro se* for such purpose. That representation may not be delegated to any other person, including a spouse, parent or other relative, nor to any other party on the same side who is not represented by an attorney").